Case 4:14-cv-03493   Document 37   Filed in TXSD on 02/18/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON HENDRIX, § | |
| (TDCJ-CID #1838519) § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-14-3493 |
| § | |
| LLOYD ASCHBERGER, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

**I.   Background**

Jason Hendrix, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in December 2014, alleging the denial of medical care. Hendrix, representing himself and without prepaying fees, sued a number of prison officials at the Wynne Unit, including medical personnel, grievance personnel, and the warden and assistant warden.

The threshold issue is whether Hendrix's claims may proceed. Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an

indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Hendrix alleged that he has been confined in the TDCJ-CID since March 1, 2013. He was first diagnosed with Hepatitis C while in the Williamson County Jail, where he was also treated for spinal injuries. At the TDCJ-CID, Hendrix filed grievances complaining about the denial of medical care. Hendrix alleged that he was not examined by specialists who could treat his Hepatitis C and spinal injuries.

Hendrix alleged that on May 15, 2014, he was scheduled for a telemedicine appointment with the UTMB Hepatitis C Clinic. The appointment was rescheduled to August 28, 2014, then to November 20, 2014. On August 12, 2014, Hendrix had an appointment with Dr. Khoshdel, who allegedly told Hendrix that he did not treat people with Hepatitis C. Dr. Khoshdel prescribed Nortriptyline and Ibuprofen for pain. Hendrix alleged that Dr. Khoshdel refused to review his prior MRIs. On November 24, 2014, Hendrix had a telemedicine appointment with Physician's Assistant Brouwer, who also provided no treatment. Hendrix alleged that he should have been provided with Hepatitis C treatment approved by the Texas Liver Institute, and that there is a combination of antiviral pills and therapy effective in curing Hepatitis C. He alleged that his Hepatitis C has caused anxiety, nausea, degenerative liver damage, and other illnesses. Hendrix also alleged that the longer his Hepatitis C is untreated, the greater his risk of developing liver damage, cirrhosis, and liver cancer. He has been prescribed psychiatric medications and counseling for the anxiety resulting from the denial of effective Hepatitis C treatment.

Hendrix also alleged that TDCJ should have provided him spinal surgery, which a free-world

doctor had recommended. Hendrix alleged that as a result of his spinal injuries, he has suffered severe pain, anxiety, loss of life's daily activities, muscular degeneration, disc degeneration, and spinal degeneration.

Hendrix acknowledged that TDCJ physicians have examined him and given him medications. He also acknowledged that TDCJ has implemented medical restrictions on his housing and other conditions of confinement, including a single-cell on the ground floor, lower-bunk assignment, excuses from attending school, no lifting over 25 pounds, no bending at the waist, no repetitive squatting, no climbing, no food service work, no direct sunlight, no temperature extremes, and no humidity extremes.

Hendrix seeks an order compelling the defendants to provide him with medical treatment by physicians who specialize in treating Hepatitis C and spinal injuries, $600,000.00 in compensatory damages, $35,000.00 for attorney's fees, and $10,000.00 for a private investigator.

## II. Analysis

### A. The Legal Standard

"[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999)(quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Stewart,* 174 F.3d at 534 (citing *Estelle,* 429 U.S. at 104). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v.*

*Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle,* 429 U.S. at 105-106).

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy,* 158 F.3d 908, 912 (5th Cir. 1998)(quoting *Farmer,* 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994)(citing *Farmer,* 511 U.S. at 842 & n.8).

Hendrix alleged that medical personnel at the TDCJ-CID did not treat his Hepatitis C correctly. In *Whiting v. Kelly,* 255 F. App'x 896, 2007 WL 4180592 (5th Cir. 2007), two inmates alleged that the defendants failed to provide adequate testing and treatment for their HCV, which was deliberate indifference to their serious medical needs. The plaintiffs alleged that the TDCJ policy did not meet the accepted standard of care for treating HCV. The Fifth Circuit rejected the claim, as follows:

> Although they clearly believe that they should undergo additional testing and drug therapies, such disagreement does not give rise to a constitutional claim. *See Domino v. Tex. Dep't of Criminal Justice,*

239 F.3d 752, 756 (5th Cir. 2001); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991). The district court did not err in granting summary judgment for the defendants and further did not err in dismissing the deliberate indifference claims as frivolous.

*Whiting,* 2007 WL 4180592, at *1.

Similarly, in *McCarty v. Zapata Cnty.,* 243 F. App'x 792, 2007 WL 1191019 (5th Cir. 2007), a prisoner sued county jail officials for denying him adequate medical treatment for his Hepatitis C and adequate psychiatric care for his severe depression while he was both a pretrial detainee and a convicted offender. The Fifth Circuit granted the defendants' motion for summary judgment because the evidence showed at most that the defendants failed to follow the treatment course recommended by the physician who saw the plaintiff in the hospital. This did not show deliberate indifference.

Deliberate indifference is a high standard. An incorrect diagnosis by prison medical personnel does not state a claim for deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Rather, a plaintiff must allege facts showing that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238. Whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838.

**B.    Discussion**

Hendrix alleged that he was not examined or treated by specialists in Hepatitis C and spinal injuries, and that at a minimum, his physicians should have treated his Hepatitis C by following the

recommendations of the Texas Liver Institute. He also alleged that his physicians should have followed the recommendation of a free-world physician that he needed spinal surgery, and that prison medical personnel failed to prescribe him effective pain medications.

The record shows an extended history of examinations, diagnoses, and medications rebut Hendrix's allegations of deliberate indifference. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993). Hendrix has not alleged nor pointed to evidence of facts supporting an inference that the medical care provided to him was so inadequate that the defendants knew of and were deliberately indifferent to a substantial risk to his health. His own pleadings show that he was regularly examined by medical personnel and prescribed medications. Hendrix admitted that he was seen by medical personnel on numerous occasions, prescribed treatment, and prescribed medications. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimizana,* 122 F.3d 286, 292 (5th Cir. 1997). Hendrix has not alleged facts that, if proven, would support the inference that the defendants were aware of, and disregarded, a substantial risk of harm to Hendrix. Nor did he suffer substantial harm as a result of not receiving a different pain medication.

Hendrix's claim based on deliberate indifference to his serious medical needs is dismissed as frivolous. 28 U.S.C. § 1915A(b)(1). Hendrix's motion for copy of pleadings, (Docket Entry No. 23), and motion for reconsideration, (Docket Entry No. 25), are denied. Hendrix's motions to add parties, (Docket Entries Nos. 32 & 35), are denied as moot. Any remaining pending motions are denied as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Hendrix's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00,

until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, Attention: Manager of the Three-Strikes List, Lori_stover@txed.uscourts.gov.

SIGNED on February 18, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge